Dodd *v.* Lindsley.

---

AMZI T. DODD et al., appellants,

*v.*

JAMES H. LINDSLEY, administrator &c., respondent.

A bill in equity cannot be maintained against a residuary legatee or devisee of an estate, to recover from him an alleged loss by an estate of which his testator was executor, by reason of the neglect of his testator, as such executor, without making the personal representative of his testator a party to the suit, and calling him to account for the unadministered assets of the estate of which such testator was executor.

On appeal from a decree advised by Vice-Chancellor Pitney, whose opinion is reported in *Lindsley v. Dodd, 8 Dick. Ch. Rep. 69.*

Dodd v. Lindsley.

*Messrs. Whitehead & Condit* and *Mr. Alfred F. Skinner*, for the appellants.

*Messrs. Coult & Howell*, for the respondent.

The opinion of the court was delivered by

VAN SYCKEL, J.

Calvin Dodd, one of the executors of Stephen H. Dodd, deceased, held as part of the estate of said decedent, a mortgage for $1,500, which he failed to have recorded, and which it is alleged was rendered uncollectible and of no value by reason of such neglect.

The complainant below, who is the respondent here, is the sole legatee of Stephen H. Dodd, and by his bill asks to charge Amzi T. Dodd, the residuary legatee and devisee of Calvin Dodd, with the amount lost on said mortgage.

The administrator of Calvin Dodd is not made a party to this suit.

In the absence of any valid excuse for not recording the mortgage, Calvin Dodd would have been liable for the loss which resulted, but no decree could have been made against him, if living, without making him a party.

Herein lies the error, that the suit is against the residuary legatee of Calvin, and not against his personal representative.

It should have been against the personal representative of Calvin, calling him to account for the unadministered assets, and charging Calvin with the *devastavit.*

Whether the estate of Calvin can be held to respond for the amount of the alleged loss will depend upon the state of the account; he may have paid out for the estate which he represented, from his own funds, more than that amount in excess of the assets of the estate.

It is not necessary to decide other questions discussed.

For the reason given the decree below should be reversed.

*For reversal*—THE CHIEF-JUSTICE, DEPUE, GUMMERE, LUDLOW, MAGIE, VAN SYCKEL, BROWN, SMITH, TALMAN—9.

*For affirmance*—None.